Robert S. Weisbein (RW 0080)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY  10016
Telephone:  212.682.7474
Facsimile:  212.687.2329
Email:  rweisbein@foley.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
BROADVISION, INC.,                                              :
:
:   Civil Action No.: 08 CV 1478
:
Plaintiff,                    :   Judge William H. Pauley, III
:
- against -                                                     :
:
GENERAL ELECTRIC COMPANY and                                    :
THE MEDICAL PROTECTIVE COMPANY,                                 :
:
Defendants.                   :
:
---------------------------------------------------------------x

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, The Medical Protective Company ("MedPro"), for its Answer to Plaintiff BroadVision, Inc.'s ("BroadVision") Complaint, states as follows:

### Parties and Jurisdiction

1.     MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2.     MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3.     MedPro admits the allegations in paragraph 3.

4. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5. MedPro admits that this Court has jurisdiction of this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1367. MedPro denies the remainder of the allegations in paragraph 5.

### Nature of the Action

6. Paragraph 6 contains no allegations in which to admit or deny. MedPro submits that the Complaint speaks for itself. To the extent paragraph 6 contains factual allegations, MedPro denies them.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

#### BroadVision

7. MedPro admits the allegations in paragraph 7.

8. MedPro admits that BroadVision licenses "One-To-One," and that One-To-One is a software product that is designed for use by businesses that maintain web based applications with which employees, potential customers, and other website visitors having a pass-word and user identification, interact by supplying and receiving information. MedPro denies the remainder of the allegations in paragraph 8.

#### GE and MedPro

9. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11. MedPro admits that it is a provider of medical professional liability insurance to physicians, dentists and other primary health care providers. MedPro also admits that it is

licensed to provide insurance in all fifty states, is qualified to do business in New York directly or through an agent, and is licensed and regulated by the Superintendent of Insurance of New York. MedPro denies the remainder of the allegations in paragraph 11.

12. MedPro admits that prior to November 16, 1999, GE acquired MedPro and that MedPro became a subsidiary of GE. While owned by GE, MedPro was operated as a subsidiary of Employers Reinsurance Corporation ("Employers Re"), which was, in turn, a subsidiary of GE's "Insurance Solutions" business unit, known as "GEIS." MedPro denies the remainder of the allegations in paragraph 12.

### The BroadVision - GE Master License Agreement

13. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

14. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

### The Employers Re Usage Rights

15. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

16. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20. MedPro denies that it is using and exploiting the One-To-One software in excess of the Usage Rights. MedPro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 20, and therefore denies them.

21. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

### GE's Divesture of MedPro

22. MedPro admits that in July 2005, GE sold MedPro to Columbia Insurance, and that Columbia Insurance is a subsidiary of Berkshire Hathaway. MedPro denies the remaining allegations in paragraph 22.

23. MedPro admits that it entered into a separate license agreement with BroadVision that governed MedPro's prospective use of the One-To-One software. MedPro denies the remaining allegations in paragraph 23.

24. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

### GE's Divesture of Employers Re

25. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

27.    MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

### BroadVision's Audit of the Usage Rights

28.    MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29.    MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them.

30.    MedPro admits the allegations in paragraph 30.

31.    MedPro admits that on or about April 26, 2007, BroadVision began its audit at MedPro's premises.  MedPro admits that it refused to permit access to certain records.  MedPro denies the remaining allegations in paragraph 31.

32.    MedPro admits the allegations in paragraph 32.

33.    MedPro denies the allegations in paragraph 33.

34.    MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies them.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

35. MedPro incorporates its responses to all paragraphs above as if fully set forth herein.

36. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them.

37. Paragraph 37 states a legal conclusion to which no response is required, and none is given. To the extent paragraph 37 contains factual allegations, MedPro denies them.

38. MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies them.

39. MedPro denies the allegations in paragraph 39.

40. MedPro denies the allegations in paragraph 40.

41. MedPro denies the allegations in paragraph 41.

42. MedPro denies the allegations in paragraph 42.

43. MedPro denies the allegations in paragraph 43.

## SECOND CLAIM FOR RELIEF

### Breach of the MLA

44. MedPro incorporates its responses to all paragraphs above as if fully set forth herein.

45. MedPro denies the allegations in paragraph 45.

46. MedPro denies the allegations in paragraph 46.

47. MedPro denies the allegations in paragraph 47.

## THIRD CLAIM FOR RELIEF

### Breach of the MedPro MLA

48.     MedPro incorporates its responses to all paragraphs above as if fully set forth herein.

49.     MedPro denies the allegations in paragraph 49.

50.     MedPro denies the allegations in paragraph 50.

## FOURTH CLAIM FOR RELIEF

### *Quantum Meruit*

51.     MedPro incorporates its responses to all paragraphs above as if fully set forth herein.

52.     MedPro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them.

53.     MedPro is without knowledge or information sufficient to form a belief as to whether GE used the One-To-One software in excess of the Usage Rights.  MedPro denies that it ever used the One-To-One software in excess of the Usage Rights.

54.     MedPro denies the allegations in paragraph 54.

55.     MedPro denies the allegations in paragraph 55.

56.     MedPro denies the allegations in paragraph 56.

57.     MedPro denies the allegations in paragraph 57.

## FOURTH [sic] CLAIM FOR RELIEF

### Unjust Enrichment

58. MedPro incorporates its responses to all paragraphs above as if fully set forth herein.

59. MedPro denies the allegations in paragraph 59.

60. MedPro denies the allegations in paragraph 60.

61. MedPro denies the allegations in paragraph 61.

62. MedPro denies the allegations in paragraph 62.

WHEREFORE, MedPro prays that BroadVision take nothing by way of its Complaint, that judgment be entered in favor of MedPro, that costs be assessed against BroadVision, and for all other just and proper relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted against MedPro.

2. BroadVision's claims are barred, in whole or in part, by the doctrines of estoppel, laches, or waiver.

3. BroadVision's claims are barred, in whole or in part, by the doctrine of acquiescence.

4. BroadVision has not suffered any injury or damage as a result of any conduct by MedPro.

5.      BroadVision's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      BroadVision's claims are barred, in whole or in part, because MedPro's actions were licensed.

7.      BroadVision's claims are barred, in whole or in part, by the doctrine of Federal Preemption.


Dated: April 7, 2008                                           FOLEY & LARDNER LLP


                                                               By: */s/ Robert Weisbein*
                                                                   Robert S. Weisbein (RW 0080)
                                                                   FOLEY & LARDNER LLP
                                                                   90 Park Avenue
                                                                   New York, NY  10016
                                                                   Telephone:  212.682.7474
                                                                   Facsimile:  212.687.2329
                                                                   Email:  rweisbein@foley.com
                                                                   *Counsel For Defendant*
                                                                       *The Medical Protective Company*


*Of Counsel:*

David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
BAKER & DANIELS LLP
111 East Wayne Street, Suite 800
Fort Wayne, IN  46802
Telephone  (260) 424-8000
Facsimile  (260) 460-1700
Email: david.irmscher@bakerd.com
          abigail.butler@bakerd.com

## CERTIFICATE OF SERVICE

     I hereby certify that on April 7, 2008, a copy of the foregoing **ANSWER TO COMPLAINT** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> L. Donald Prutzman, Esq.
> Tannenbaum Helpern Syracuse & Hirschtritt LLP
> 900 Third Avenue
> New York, NY 10022
> *Attorneys for Plaintiff Broadvision, Inc.*
>
>     -and-
>
> Robert Penchina, Esq.
> Levine Sullivan Koch & Schulz LLP
> 321 W. 44th Street, Suite 510
> New York, NY 10036
> *Counsel for Defendant General Electric Company*

>     */s/Robert Weisbein*
>     Robert Weisbein