UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
BROADVISION, INC.,                                           :
                                                             :   Civil Action No.: 08 CV 1478 (WHP)
                                                             :
                         Plaintiff,                          :
                                                             :
           - against -                                       :
                                                             :
GENERAL ELECTRIC COMPANY and                                 :
THE MEDICAL PROTECTIVE COMPANY,                              :
                                                             :
                         Defendants.                         :
                                                             :
-------------------------------------------------------------x

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANT THE MEDICAL PROTECTIVE COMPANY'S MOTION TO DISMISS

Robert S. Weisbein
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474

David P. Irmscher
Abigail M. Butler
**BAKER & DANIELS LLP**
111 East Wayne Street, Suite 800
Fort Wayne, IN 46802
Telephone (260) 424-8000

**COUNSEL FOR DEFENDANT,
THE MEDICAL PROTECTIVE COMPANY**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

    I.    PRELIMINARY STATEMENT ........................................................................1

    II.    CLAIM 2 FOR ALLEGED COPYRIGHT INFRINGEMENT THAT OCCURRED PRIOR TO FEBRUARY 13, 2005, SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE STATUTE OF LIMITATIONS ...............................................................2

    III.    CLAIM 8 FOR BREACH OF CONTRACT BY MEDPRO, PRIOR TO SEPTEMBER 30, 2005, SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED .......................................................................5

    IV.    CLAIM 9 SHOULD BE DISMISSED TO THE EXTENT IT SEEKS TO ENFORCE BROADVISION'S RIGHTS TO REPRODUCE AND DISTRIBUTE THE ONE-TO-ONE SOFTWARE BECAUSE IT IS PREEMPTED BY FEDERAL COPYRIGHT LAW.............................................................................6

V.    CONCLUSION..................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Auscape Int'l v. Nat'l Geographic Soc'y,*
    409 F.Supp.2d 235 (S.D.N.Y. 2004)...............................................................................4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955 (2007)...............................................................................3

*DG & A Mgmt. Servs., LLC v. Secs. Indus. Ass'n Compliance & Legal Div. et al.,*
    52 A.D.3d 922, 859 N.Y.S.2d 305 (N.Y. App. Div. 3rd Dep't 2008) .............................2, 5

*Eyal R.D. Corp. v. Jewelex N.Y., Ltd.,*
    576 F.Supp.2d 626 (S.D.N.Y. 2008).................................................................................4

*O'Brien v. Nat'l Prop. Analysts Partners, et al.,*
    719 F.Supp. 222 (S.D.N.Y. 1989) .....................................................................................3

*Pedraza v. United Guaranty Corp.,*
    114 F.Supp.2d 1347 (S.D. Ga. 2000).................................................................................3

*Prather v. Neva Paperbacks, Inc.,*
    446 F.2d 338 (5th Cir. 1971).............................................................................................4

*Roberts v. Keith,*
    No. 04 Civ. 10079, 2006 WL 547252 (S.D.N.Y. Mar. 7, 2006) ........................................4

*Stone v. Williams*,
    970 F.2d 1043 (2d Cir. 1992).............................................................................................4

**Federal Rules**                                                                                                  **Page(s)**

17 U.S.C. § 301................................................................................................................2, 6

Fed. R. Civ. P. 9(b) ..............................................................................................................3

## I. PRELIMINARY STATEMENT

BroadVision's Opposition to MedPro's Motion to Dismiss fails to cure any of the pleading deficiencies in BroadVision's Amended Complaint. Accordingly, MedPro renews its request that Claim 8 be dismissed in its entirety, and that portions of Claims 2 and 9 be dismissed as a matter of law.

Claim 2 of the Amended Complaint alleges direct copyright infringement by MedPro prior to September 30, 2005. BroadVision all but admits that the Amended Complaint, on its face, does not state a claim for copyright infringement that occurred prior to February 13, 2005. Rather than putting forth a compelling reason why a claim has been stated, it asks the Court to allow for discovery on the matter. Such an approach ignores the very purpose of filing a motion to dismiss, which is to dispose of claims that cannot succeed at an early juncture in the litigation. BroadVision also argues that MedPro's refusal to allow the completion of an audit is tantamount to "fraudulent concealment" of its software usage, and that therefore, the statute of limitations should be tolled. However, as set forth in more detail below, BroadVision fails to plead that any of MedPro's actions, or inactions, amount to fraud of any kind.

Claim 8 of the Amended Complaint alleges that MedPro breached the MLA under an "implied license" or an "implied-in-fact" contract theory. The specific actions that BroadVision alleges the MedPro took (or did not take) to breach the MLA are using the One-To-One software in excess of its usage rights, failing to permit and cooperate with an audit, and failing to pay for the cost of the audit and any underpaid amounts found due upon completion of the audit. (Am. Cmpl., ¶¶ 118-120). However, these allegations do not amount to any viable cause of action against MedPro because MedPro was not a party to the MLA and is therefore not bound by the MLA. To state a cause of action for breach of implied contract against MedPro, BroadVision

must allege that there was a meeting of the minds, or mutual assent. *See, e.g. DG & A Mgmt. Servs., LLC v. Secs. Indus. Ass'n Compliance & Legal Div. et al.,* 52 A.D.3d 922, 923, 859 N.Y.S.2d 305, 306 (N.Y. App. Div. 3rd Dep't 2008). BroadVision has not, and cannot, allege the requisite meeting of the minds, and for that reason, Claim 8 should be dismissed as a matter of law.

Claim 9 should be dismissed to the extent that its claims are based upon allegations that MedPro copied and used BroadVision's software in excess of rights licensed to GE under the MLA or rights licensed to MedPro under the MedPro MLA. These rights are equivalent to rights protected under Federal Copyright Law, and are therefore preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301.

## II. CLAIM 2 FOR ALLEGED COPYRIGHT INFRINGEMENT THAT OCCURRED PRIOR TO FEBRUARY 13, 2005, SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE STATUTE OF LIMITATIONS

In this case, BroadVision attempts to recover against MedPro for alleged infringing acts that took place more than three years prior to the filing of this suit. For the reasons set forth below, and in MedPro's Memorandum in Support of its Motion to Dismiss, those claims are barred by the three year statute of limitations.

BroadVision's primary argument as to why the statute of limitations does not bar recovery for alleged infringing acts that predate February 13, 2005, seems to be that it is "premature" and "not ripe for adjudication." (BroadVision's Memorandum in Opposition to MedPro's Motion to Dismiss ("Opposition") at p. 8.) In fact, BroadVision goes on to state that discovery may make the statute of limitations argument moot. (*Id.*) However, the whole point of filing a motion to dismiss is to dispose of claims for which no relief can be granted <u>before</u> needless time and money is spent defending against them. To that end, the Supreme Court has

stated that "when the allegation in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should...be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007) (citation omitted). Otherwise, plaintiffs with "largely groundless claim[s]" could use "the threat of discovery expense" to push defendants to settle "even anemic cases." *Id.* at 1966-67. Despite BroadVision's arguments to the contrary, this issue is ripe and should be adjudicated now, before further time and money is spent defending against alleged acts of infringement for which no recovery can be had.

Next, BroadVision argues that fraudulent concealment by MedPro causes an equitable tolling of the three year statute of limitations:

> MedPro's actions, including, but not limited to, its refusal to make information available to BroadVision and cooperate with BroadVision's efforts to conduct an audit of MedPro's usage of the One-To-One software prior to September 30, 2005, *fraudulently concealed* MedPro's usage of the One-To-One software in excess of the Usage Rights from BroadVision, and/or equitably tolled any applicable statute of limitations, from at least on or about April 26, 2007 to on or about April 16, 2008.

(Am. Cmpl., ¶ 57) (emphasis added); (Opposition, pp. 7-9.) Significantly, BroadVision has not made a claim for fraud by MedPro, nor has it plead any of the elements necessary to state a cause of action for fraud. A plaintiff must satisfy Federal Rule of Civil Procedure 9(b)'s requirement to plead with particularity, in its complaint, the facts giving rise to a claim for fraudulent concealment before a federal court will toll the statute of limitations. *Pedraza v. United Guaranty Corp.*, 114 F.Supp.2d 1347, 1356 (S.D. Ga. 2000); *O'Brien v. Nat'l Prop. Analysts Partners, et al.*, 719 F.Supp. 222, 232 (S.D.N.Y. 1989). There is no allegation in the Amended Complaint that MedPro's refusal to allow the requested audit rose to the level of fraud, *e.g.*, that

MedPro refused the audit with the requisite fraudulent intent. This offhanded reference to "fraudulent concealment" is simply not enough to toll the statute of limitations. Moreover, *Stone v. Williams*, 970 F.2d 1043 (2d Cir. 1992) (a case cited by BroadVision in support of its argument that the "discovery" rule should apply in this case), states that even in a case where fraudulent concealment is found, it only tolls the statute up to the time when, despite the fraud, plaintiff had notice of the possible infringement. *Stone* 970 F.2d at 1049 (*citing Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 341 (5th Cir. 1971) (holding that once plaintiff was on inquiry that a potential claim existed, the statute of limitations began to run)). Therefore, the very fact that MedPro refused BroadVision's request for the audit should have put BroadVision on notice that over usage of the software may be occurring.

Finally, BroadVision argues that this Court should adopt a "discovery" rule, rather than the "injury" rule when determining when the statute of limitations begins to run. (Opposition, pp. 9-12.) As MedPro argued in its Memorandum in Support of its Motion to Dismiss, it is well established that claims for copyright infringement accrue when the allegedly wrongful act occurs, *not when the plaintiff learns of the wrongful act. See, e.g. Roberts v. Keith,* No. 04 Civ. 10079, 2006 WL 547252, at *3 (S.D.N.Y. Mar. 7, 2006); *Auscape Int'l v. Nat'l Geographic Soc'y*, 409 F.Supp.2d 235, 247 (S.D.N.Y. 2004). In arguing for the application of the "discovery" rule, BroadVision cites *Eyal R.D. Corp. v. Jewelex N.Y., Ltd.*, 576 F.Supp.2d 626 (S.D.N.Y. 2008) and *Stone v. Williams*, 970 F.2d 1043 (2d Cir. 1992). However, both of these cases clearly state that recovery is allowed only for those acts occurring within three years of suit, and is disallowed for earlier infringing acts. *Eyal R.D. Corp.*, 576 F.Supp.2d at 644; *Stone*, 970 F.2d at 1050. Therefore, the statute of limitations bars recovery for any damages for acts of

alleged infringement that occurred prior to February 13, 2005, and, to the extent Claim 2 of the Amended Complaint seeks these damages, it ought to be dismissed as a matter of law.

### III. CLAIM 8 FOR BREACH OF CONTRACT BY MEDPRO, PRIOR TO SEPTEMBER 30, 2005, SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Claim 8 of the Amended Complaint alleges that MedPro breached the MLA under an "implied license" or an "implied-in-fact" contract theory. BroadVision argues that, despite not being a signatory to the MLA, MedPro accepted the terms of the MLA. (Opposition, p. 14.) BroadVision goes on to distinguish *DG & A Mgmt. Servs., LLC,* 52 A.D.3d 922, 923, 859 N.Y.S.2d 305, 306 (N.Y. App. Div. 3rd Dep't 2008) from the instant case, stating that in that case, the parties "reflected an intent only to be bound by formal written agreement." (Opposition, p. 14.) MedPro fails to see how that fact changes the analysis. The very existence of the MLA and the MedPro MLA is evidence that BroadVision intended to be bound only by formal written agreement. Moreover, as it argued in its opening Memorandum, there was no meeting of the minds, or mutual assent, of MedPro and BroadVision that constituted an agreement. *DG & A Mgmt. Servs., LLC,* 52 A.D.3d at 923, 859 N.Y.S.2d at 306 (N.Y. App. Div. 3rd Dep't 2008). BroadVision admits that mutual assent is required. (Opposition, p. 13.) Even if MedPro used the software during the time period in question, there is no allegation that it had any knowledge of any of the specific terms of the MLA. Therefore, BroadVision has not, and cannot, allege the requisite meeting of the minds or mutual assent, and Count 8 should be dismissed as a matter of law.

## IV. CLAIM 9 SHOULD BE DISMISSED TO THE EXTENT IT SEEKS TO ENFORCE BROADVISION'S RIGHTS TO REPRODUCE AND DISTRIBUTE THE ONE-TO-ONE SOFTWARE BECAUSE IT IS PREEMPTED BY FEDERAL COPYRIGHT LAW

Claim 9 of the Amended Complaint attempts to plead state-law breach of contract theories against MedPro. It appears that MedPro and BroadVision agree that, to the extent this claim is based upon allegations that MedPro copied and used BroadVision's software in excess of rights licensed to it under the MedPro MLA, it is equivalent to rights protected under Federal Copyright Law, and is therefore preempted by Section 301 of the Copyright Act, 17 U.S.C. §301. In its Opposition, BroadVision states "the thrust of Claim 9 is not that MedPro used the Software in excess of the licensed rights, but that it failed to notify BroadVision of excessive use and failed to pay license fees due and the cost of conducting the audit." (*Id.* at p. 16.) BroadVision goes on to state that "it makes no sense to try to tease apart a claim and argue that certain predicate allegations are preempted." (*Id.*) MedPro seeks dismissal of this claim to the extent it would provide BroadVision with a double recovery for any alleged copying and use of the One-To-One Software in excess of its licensed rights. Granting a partial dismissal of this claim, to the extent it seeks recovery for alleged copying and use of the software, will not require any "teasing apart," as BroadVision alleges. Rather, it merely requires a recognition that recovery may only be had under this claim for actions or inactions that are different from those activities that fall under the purview of the Federal Copyright Statute. Therefore, to the extent Claim 9 is based upon allegations that MedPro copied and used the One-To-One software in excess of it licensed rights, it is preempted and should be dismissed as a matter of law.

## V. CONCLUSION

For all of the foregoing reasons, Claim 8 should be dismissed in its entirety, as well as a portion of Claims 2 and 9, with prejudice. In addition, MedPro renews its request for the reimbursement of its fees and costs that are associated with bringing this motion.

Dated: February 2, 2009

        FOLEY & LARDNER L.L.P.


By: */s/ Robert S. Weisbein*
90 Park Avenue
New York, NY 10016
Telephone: 212.682.7474
Facsimile: 212.687.2329
Email: rweisbein@foley.com

David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
BAKER & DANIELS LLP
111 East Wayne Street, Suite 800
Fort Wayne, IN 46802
Telephone (260) 424-8000
Facsimile (260) 460-1700
Email: david.irmscher@bakerd.com
      abigail.butler@bakerd.com

**COUNSEL FOR DEFENDANT,
THE MEDICAL PROTECTIVE COMPANY**