4/22/09

RECEIVED
APR 21 2009
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

*UNITED STATES DISTRICT COURT*

*SOUTHERN DISTRICT OF NEW YORK*

--------------------------------------------------------- x

BROADVISION, INC.,

                    Plaintiff,

      - against -

GENERAL ELECTRIC COMPANY and
THE MEDICAL PROTECTIVE COMPANY,

                    Defendants.

--------------------------------------------------------- x

No. 08-CV-1478 (WHP)

ECF Case

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

The parties hereto, through their counsel, hereby stipulate and agree as follows:

**INFORMATION SUBJECT TO THIS STIPULATION AND ORDER**

      1.     This Stipulation and Order governs the access to, use, treatment and distribution of Information (as defined below) produced in this action by a party or a non-party which elects to have this Stipulation and Order govern access to, use, treatment and distribution of their Information (each a "Producing Person"), including Information which is in good faith designated by the Producing Person as "Confidential" pursuant to the terms of this Stipulation and Order. For purposes of this Stipulation and Order, "Information" includes documents, discovery responses and deposition testimony and any informal discovery responses. This Stipulation and Order shall be effective and binding upon the parties immediately upon the parties' execution, regardless of when it is entered by the Court. A non-party may elect to be covered by this Stipulation and Order by executing a copy of this Stipulation and Order and serving a copy thereof on each party.

      2.     All Information produced in this action by any Producing Person shall be used solely for the prosecution or defense of this action.

SO ORDERED:

BDDB01 5427888v1

_____
WILLIAM H. PAULEY III U.S.D.J.

3. Pursuant to the terms of this Stipulation and Order, a Producing Person may, in response to formal or informal discovery requests, designate Information produced that it in good faith believes is confidential and/or proprietary and should be governed by this Stipulation and Order as "Confidential" Information.

4. If a party receiving Information (the "Receiving Party") objects to the designation of any Information as "Confidential" pursuant to Paragraph 3 above, said party shall first meet and confer with the Producing Person in an effort to resolve the disagreement. If the dispute is not thereby resolved, the objecting party may, by noticed motion or such other informal procedure on notice as the Court shall permit, challenge said designation. On any such motion or informal procedure, the Designating Party shall bear the burden of proof and the burden of persuasion that the challenged designation is appropriate. Any Information designated "Confidential" shall remain subject to the terms of this Stipulation and Order unless and until the Court issues a written decision or order providing otherwise.

5. The restrictions set forth in any of the proceeding paragraphs hereof shall not apply to any Information that:

    (a) at the time of the disclosure to the Receiving Party is in the public domain;

    (b) after disclosure to the Receiving Party enters the public domain as a result of publication, disclosure or other action not involving a violation of this Stipulation and Order, a breach of any duty or agreement, or other wrongful act;

    (c) the Receiving Party can show by clear and convincing evidence was independently developed by it, or obtained by means not involving the breach of any duty or agreement, or other wrongful act; or

    (d) is required by law to be disclosed pursuant to an order of a court or other governmental body of competent jurisdiction, provided that ten (10) days notice is provided to the Producing Person prior to such disclosure, or if such notice is not practicable under the circumstances, the soonest notice reasonably practicable, to enable the Producing Person to apply for a protective order or other relief.

## DESIGNATION OF CONFIDENTIAL INFORMATION

  6. The protection of this Stipulation and Order may be invoked with respect to any Information by the Producing Person as follows: With respect to documents, the copy of the document, when produced, shall bear the clear and legible legend "Confidential." With respect to answers to interrogatories or requests for admissions, when served, the pages of those responses containing "Confidential" Information, and the specific Information being so designated, shall be so marked. With respect to any deposition, Information shall be designated "Confidential" on the record at such deposition. Alternatively, any Information may be designated "Confidential" by specific identification by Counsel of Record for the Producing Person to Counsel of Record for the Receiving Parties in writing at any time after initial production or disclosure of the Information, or of delivery of a deposition transcript, provided, however, that such subsequent designation shall not affect anything occurring prior to the receipt thereof by Counsel of Record for a Receiving Party. All deposition transcripts shall be deemed designated "Confidential" for thirty (30) days after the date of receipt of the transcript.

**PERMITTED USE**

7. All Information designated "Confidential" pursuant to the terms of this Stipulation and Order may be disclosed or made available only to the persons specified below:

(a) attorneys of record herein and other members of, or attorneys regularly employed by, their firm(s) who are working on this Action ("Counsel of Record");

(b) persons regularly employed by Counsel of Record working under the supervision of Counsel of Record in connection with this Action who have a need to use the Information to perform their duties;

(c) persons who have been retained by the Receiving Party specifically to provide expert assistance or advice in this Action (collectively referred to as "Independent Advisors"), and persons regularly employed by them, to the extent necessary when working under the supervision of such an Independent Advisor in connection with this Action;

(d) the officers, directors, and employees of the Receiving Party with responsibilities relating to the Action or assisting counsel in the conduct of the Action who need to use the Information to perform their duties in connection with this action;

(e) the Court and its personnel;

(f) court reporters (including persons operating video recording equipment and depositions) who record testimony; and

(g) any other person upon such terms and conditions as the parties may agree or as the Court may hereafter by order direct; and

(h) witnesses deposed in this action or who appear as witnesses at any hearing or trial in this action who authored, received, were copied on, or otherwise had prior non-wrongful access to the Information involved;

provided that any person to whom Information is disclosed pursuant to subparagraph (c) above shall, prior to such disclosure, execute a declaration under penalty of perjury in the form annexed hereto as Exhibit A. Any declaration executed pursuant to this Stipulation and Order shall be retained by Counsel of Record making such disclosure, and shall be made available to Counsel of Record for the Producing Person upon a showing of good cause.

8. No pleadings, motion papers, memoranda, affidavits, exhibits, transcripts or other papers that consist of contain or reflect "Confidential" Information shall be filed with the Court unless and until the party seeking to file such document has applied to the Court for leave to file such document, or the portions thereof containing or reflecting "Confidential" Information, under seal. If leave is granted, and if such document does not consist entirely of "Confidential" Information, the party filing such document shall also prepare and file on the public record a redacted version of such document that does not contain or reflect "Confidential" Information. Information to be filed under seal with leave of Court shall be placed in a sealed envelope endorsed with the caption of the action and marked or designated with the legend: "CONFIDENTIAL MATERIAL PURSUANT TO COURT ORDER IN *BroadVision, Inc. v. General Electric Co. and The Medical Protective Co.*, 08-CV-1478 (WHP), Dated _____."

## RETENTION OF CONFIDENTIAL INFORMATION

9. The attorneys for the parties shall retain Information designated "Confidential" in their custody and control and take the necessary precautions to prevent persons not authorized as provided above from obtaining access to such Information.

10. Within ninety (90) days after the entry of a final judgment in the action that is unappealable or from which no timely appeal is taken, at the written election of the Producing

Person all Information designated "Confidential" shall either be returned to the Producing Person or destroyed by counsel, who shall certify in writing to the Producing Person that all "Confidential" Information has been returned or destroyed, provided, however, that Counsel of Record may retain file copies of documents prepared by counsel that contain such Information, but such Information shall remain subject to the provisions of this Stipulation and Order .

## MISCELLANEOUS

11. This Stipulation and Order shall not affect:

(a) any Producing Person's right to use the Information it designated "Confidential" in its unfettered discretion;

(b) any Producing Person's right to object to any discovery demand on any ground;

(c) any party's right to seek an order compelling discovery with respect to any discovery demand; or

(d) any party's right to object to the admissibility of any Information on any ground.

12. If a producing party inadvertently or unintentionally produces to a receiving party any document or Information without marking it as a stamped confidential document pursuant to paragraph 1, the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing and thereafter the receiving party shall treat the document as a stamped confidential document. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents and Information disclosed or on the same or related subject matter.

13. If a producing party inadvertently or unintentionally produces to a receiving party any documents or Information subject to a claim of privilege or immunity from discovery (including, but not limited to, attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the provisions of Fed. R. Civ. P. 26(b)(5)(B) shall apply to such inadvertent or unintentional production.

14. If material or Information designated "Confidential" is disclosed by a receiving party to any person other than in the manner authorized by this Order, the receiving party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of the recipient of such Information or material.

15. The designation of any material in accordance with this Stipulation and Order as constituting or containing "Confidential" Information is intended solely to facilitate the prosecution or defense of this Action. A Receiving Person's treatment of such material as confidential in compliance with this Stipulation and Order is not an admission or agreement by such person that the material constitutes or contains confidential or proprietary information, or that the Producing Person's designation is otherwise appropriate.

Dated: New York, New York
~~October~~ 4, 2008
December

TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT LLP

By: _____
L. Donald Prutzman (LP-1327)
900 Third Avenue
New York, New York 10022
*Attorneys for Plaintiff BroadVision, Inc.*

Dated: New York, New York
October ___, 2008

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: _____
Robert Penchina
321 West 44th Street, Suite 510
New York, New York 10036
*Attorneys for Defendant General Electric Company*

Dated: Fort Wayne, Indiana
October 7, 2008

BAKER & DANIELS

By: _____
David P. Irmscher
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
*Attorneys for Defendant The Medical Protective Company*

*Of Counsel for Defendant The Medical Protective Company:*

FOLEY & LARDNER LLP
    Robert S. Weisbein
    90 Park Avenue
    New York, New York 10016-1314

**SO ORDERED:**

_____
               U.S.D.J.

Dated: New York, New York
December 8, 2008

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: _____
Robert Penchina
321 West 44th Street, Suite 510
New York, New York 10036
*Attorneys for Non-Party Witness General Electric Company*

# EXHIBIT A

## UNDERSTANDING AND AGREEMENT RE: INFORMATION DESIGNATED CONFIDENTIAL

I hereby state that I have read and received a copy of the Stipulation and Order regarding the Information Designated Confidential in the case of *BroadVision, Inc. v. General Electric Co. and The Medical Protective Co., 08-CV-1478 (WHP)*, pending in the United States District Court for the Southern District of New York..

I understand the terms of that Stipulation and Order and agree to be bound by its terms.

Dated:_____

                Signature

_____

**Printed Name**

_____
_____
_____
Address