UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
BROADVISION, INC.,                                          :
                                                            :  Civil Action No.: 08 CV 1478 (WHP)
                                                            :
                       Plaintiff,                           :
                                                            :
             - against -                                    :
                                                            :
GENERAL ELECTRIC COMPANY and                                :
THE MEDICAL PROTECTIVE COMPANY,                             :
                                                            :
                       Defendants.                          :
                                                            :
------------------------------------------------------------x

# MEMORANDUM IN OPPOSITION TO PLAINTIFF BROADVISION, INC.'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT

Robert S. Weisbein
**FOLEY & LARDNER L.L.P.**
90 Park Avenue
New York, NY  10016
Telephone:  (212) 682-7474


David P. Irmscher
Abigail M. Butler
**BAKER & DANIELS LLP**
111 East Wayne Street, Suite 800
Fort Wayne, IN  46802
Telephone  (260) 424-8000

**COUNSEL FOR DEFENDANT,
THE MEDICAL PROTECTIVE COMPANY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

I. PRELIMINARY STATEMENT ........................................................................... 1

II. ARGUMENT............................................................................................................ 2

    A. Justice Does Not Require This Court to Allow BroadVision to Amend its Complaint Again.................................................................................................... 2

    B. BroadVision's Motion to Amend Should Be Denied Because Claim 8 of the Proposed SASC Fails to State a Claim For Which Relief Can be Granted ............ 3

    C. BroadVision's Motion to Amend Should Be Denied Because the Proposed SASC Contains No Factual Support for an Implied-In-Fact Contract Claim Against MedPro................................................................................................................... 5

        1. There was No Mutual Assent to the Terms of the MLA ........................... 7

        2. There was No Consideration Between BroadVision and MedPro.............. 9

    D. Undue Prejudice To MedPro Will Result if BroadVision is Granted Leave to Amend and Supplement Its Complaint ................................................................ 10

III. CONCLUSION...................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

A&S Welding & Boiler Repair, Inc. v. Seigel,
    460 N.Y.S.2d 582 (N.Y. App. Div. 1st Dep't 1983) ..............................................4

Arnold v. KPMG LLP,
    543 F.Supp.2d 230 (S.D.N.Y. 2008)......................................................................3

Ashcroft v. Iqbal,
    129 S.Ct. 1937 (2009).............................................................................................6

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)................................................................................................6

DiPace v. Goord,
    308 F.Supp.2d 274 (S.D.N.Y. 2004)......................................................................2

Foman v. Davis,
    371 U.S. 178 (1962)............................................................................................2, 3

Health-Chem Corp. v. Baker,
    915 F.2d 805 (2d Cir. 1990)...................................................................................2

Julien J. Studley, Inc. v. New York News, Inc.,
    70 N.Y.2d 628 (N.Y. 1987) ...................................................................................4

Maas v. Cornell University,
    94 N.Y.2d 87 (N.Y. 1999) .....................................................................................4

Miller v. Schloss,
    218 N.Y. 400 (N.Y. 1916) .....................................................................................4

Nadel v. Play-By-Play Toys & Novelties, Inc.,
    208 F.3d 368 (2d Cir. 2000)...................................................................................6

New York Tel. Co. v. Teichner,
    329 N.Y.S.2d 689 (N.Y.Dist.Ct., Suffolk County, 1972)...................................4, 5, 9

Ricciuti v. N.Y.C. Transit Auth.,
    941 F.2d 119 (2d Cir. 1991)...................................................................................2

Zahra v. Town of Southold,
    48 F.3d 674 (2d Cir. 1995).....................................................................................2

**Federal Rules, Statutes and Other Authorities**         **Page(s)**

Fed. R. Civ. P. 15(a) ....................................................................................2

Fed. R. Civ. P. 15(a)(1)(b)(2) .....................................................................3

Restatement (Second) of Contracts § 4 (1981) .......................................4

1 Williston on Contracts § 1:5 (4th ed. 1990).........................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
BROADVISION, INC., :
: Civil Action No.: 08 CV 1478 (WHP)
:
Plaintiff, :
:
- against - :
:
:
GENERAL ELECTRIC COMPANY and :
THE MEDICAL PROTECTIVE COMPANY, :
:
Defendants. :
:
------------------------------------------------------------x

**MEMORANDUM IN OPPOSITION TO PLAINTIFF BROADVISION, INC.'S
MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT**

**I.    PRELIMINARY STATEMENT**

This case was filed on February 13, 2008. Since that time, the parties have been embroiled in trying to decipher what BroadVision, Inc.'s ("BroadVision") claims against the Defendants, General Electric Company ("GE") and The Medical Protective Company ("MedPro") actually are. BroadVision has had not one, but two, opportunities to get it right and plead legally cognizable claims against MedPro. To that end, on May 5, 2009, this Court issued a Memorandum and Order dismissing, *inter alia*, all of BroadVision's claims against GE, and dismissing Claim 8 for breach of implied-in-fact contract against MedPro.

The proposed Second Amended and Supplemental Complaint ("SASC") represents yet another futile attempt by BroadVision to state a viable claim for relief against MedPro for the alleged breach of the Master Licensing Agreement between BroadVision and GE ("MLA"). As set forth in more detail below, BroadVision's motion to amend should be denied

1

because it is not entitled to yet another amendment, and moreover, the proposed SASC fails to cure the deficiencies the Court has already found in Claim 8 against MedPro, and therefore is subject to dismissal as a matter of law.

## II. ARGUMENT

### A. Justice Does Not Require This Court to Allow BroadVision to Amend its Complaint Again

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Nonetheless, leave to amend is properly denied where (a) the plaintiff already has had ample opportunity to do so; or (b) the proposed amendment would be futile. *DiPace v. Goord*, 308 F.Supp.2d 274, 278 (S.D.N.Y. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is futile when it fails to state a claim. *Id*. (citing *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990)). "When the plaintiff has submitted a proposed amended complaint, the district court judge may review that pleading for adequacy and need not allow its filing it if does not state a claim upon which relief can be granted." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). The decision as to whether a plaintiff is entitled to amend its complaint is committed entirely to the discretion of the district court. *See, e.g., Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).

Despite BroadVision's arguments to the contrary, justice does not require this Court to give BroadVision yet another bite at the apple in pleading legally cognizable claims against MedPro. Although BroadVision argues that it has attempted to plead an "implied license" or "implied-in-fact" contract claim against MedPro only once (and therefore, it is really only on the second bite of the apple with respect to that claim), BroadVision certainly had the ability to plead the requisite facts, if they existed, against MedPro when it first filed its Complaint back in February, 2008. All of these facts, if they existed, could have been alleged in

2

BroadVision's original complaint, its amended complaint, or in its response to the prior motion to dismiss. BroadVision did not do so at these junctures, and it should not be permitted to try again now.

Noticeably, BroadVision does not (and cannot) allege that it has newly discovered evidence that it did not or could not have known before. Instead, BroadVision simply wants yet another chance to somehow resurrect properly dismissed claims in this case. "Pleadings are not essays to be granted by the District Court with allowances for editing and revision." *Arnold v. KPMG LLP*, 543 F.Supp.2d 230, 238 (S.D.N.Y. 2008). "The fact that leave to amend 'shall be freely given when justice so requires' does not mean that leave to re-plead is to be granted in perpetuity." *Id*. (citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that the direction that amendments shall be "freely given" does not contemplate serial adjustments to the pleadings based on the federal court's coaching and guidance). Although Fed. R. Civ. P. 15(a)(1)(b)(2) provides that leave to amend should be freely given when justice requires, MedPro submits that justice does not require, but in fact dictates against, giving BroadVision futile opportunities to plead and re-plead claims it simply does not have the facts to support. Accordingly, BroadVision's motion to amend and supplement its Complaint should be denied.

**B.** **BroadVision's Motion to Amend Should Be Denied Because Claim 8 of the Proposed SASC Fails to State a Claim For Which Relief Can be Granted**

Claim 8 of BroadVision's proposed SASC purports to plead the breach of an implied-in-fact contract against MedPro. New York courts have recognized a cause of action based upon the breach of an implied-in-fact contract:

> "[A] promise may be stated in words either oral or written, or may be inferred wholly or partly from conduct." An implied-in-fact contract would arise from a mutual agreement and an "intent to promise, when the agreement and promise have simply not been expressed in words." This type of contract still requires such elements as consideration, mutual assent, legal capacity and legal subject matter.

*Maas v. Cornell University*, 94 N.Y.2d 87, 93-94 (N.Y. 1999) (citation omitted) (citing Restatement (Second) of Contracts § 4 (1981); 1 *Williston on Contracts* § 1:5, at 20 (4th ed. 1990)). **However, a contract cannot be implied in fact where there is an express contract covering the subject matter involved**. *Julien J. Studley, Inc. v. New York News, Inc.*, 70 N.Y.2d 628, 629 (N.Y. 1987) (citing *Miller v. Schloss*, 218 N.Y. 400, 406-407 (N.Y. 1916)). Here, the MLA is an express contract covering the same subject matter pleaded in Claim 8 of the proposed SASC.

In *A&S Welding & Boiler Repair, Inc. v. Seigel*, 460 N.Y.S.2d 582, 582 (N.Y. App. Div. 1983), the Court cited *Miller* in noting that "[w]hile ordinarily there would at least be a contract implied in fact that the person to whom goods or services are rendered and who received the benefit of them will pay for them, no such contract can be implied if there was an express contract that someone else would pay and that the recipient was not to pay." **Under the express agreement created by the MLA, GE, and not MedPro, was obligated to pay BroadVision for the use of BroadVision's software.** The existence of this express agreement between GE and BroadVision precludes BroadVision from bringing an implied-in-fact contract requiring MedPro to assume the same financial obligation already undertaken by GE.[1]

New York courts have continually cited this principle in holding that a plaintiff cannot recover damages from a third party simply because the third party has derived a benefit

---

[1] BroadVision's implied-in-fact contract claim against MedPro fails for the additional reason that there is a lack of privity between Broadvision and MedPro. *New York Tel. Co. v. Teichner*, 329 N.Y.S.2d 689, 691 (Dist. Ct. 1972) (stating "[T]he basis for liability under a contract is privity between the parties to the contract.").

from a contract between two other parties. For example, in *New York Tel. Co. v. Teichner*, 329 N.Y.S.2d 689, 691 (Dist. Ct. 1972), the Court stated that:

> A situation involving an express contract between two parties generally will not support an implied in fact liability to a third party to the contract to pay for such services even though benefits were derived by the third party. . . [t]he assent of the person to be charged is necessary, and unless he has conducted himself in such manner that his assent may fairly be inferred he has not contracted.

As this Court has recognized: "MedPro is the intended third-party beneficiary of the MLA, not BroadVision." (Mem. & Order 14 n.1, May 5, 2009.) What BroadVision has not shown, and cannot show, is an agreement between BroadVision and MedPro to any terms, let alone to the specific terms of the MLA. None of the courses of dealing or industry customs alleged in the proposed SASC equate to an agreement by MedPro to undertake the financial obligations already assumed by GE, or to serve as a guarantor of those financial obligations. To the contrary, MedPro paid Employers Reinsurance Company ("ERC") for its use of the software, and it should not have to pay for that use again. (Decl. of Timothy J. Wiggins Supp. MedPro's Opp'n. to BroadVision's Mot. to Amend & Suppl. Compl. 9) (attached as Exhibit A.) MedPro's scant interaction with BroadVision as a third-party beneficiary to the MLA simply cannot support the existence of an implied-in-fact contract between the parties. Accordingly, Claim 8 of the SASC fails to state a claim for which relief can be granted, and this Court should deny BroadVision's instant motion to amend.

**C.** **BroadVision's Motion to Amend Should Be Denied Because the Proposed SASC Contains No Factual Support for an Implied-In-Fact Contract Claim Against MedPro**

Even if the Court determines that the MLA does not constitute an express contract which precludes an implied-in-fact contract claim against MedPro, proposed Claim 8 is deficient for the additional reason that it contains no factual support for its allegations against MedPro.

5

This Court dismissed Claim 8 against MedPro because "the facts and circumstances do not suggest an implied-in-fact contract." (Mem. & Order 13, May 5, 2009.) The Court went on to recognize that "[a]n implied-in-fact contract 'requires such elements as consideration, mutual assent, legal capacity and legal subject matter.'" (*Id.*) (citing *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368, 376 n. 5 (2d Cir. 2000)). In its proposed SASC, BroadVision attempts to cure these deficiencies by merely reciting the elements of an implied-in-fact contract, while making no attempt to plead actual facts and circumstances that support the existence of an implied-in-fact contract. Pleadings offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," will not do. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Indeed, the principle that each allegation contained in a complaint must be accepted as true is inapplicable to legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Claim 8 of BroadVision's proposed SASC falls far short of this standard because it contains nothing more than threadbare recitals of the elements of an implied-in-fact contract, while making no attempt to support its generalized and conclusory statements with facts or circumstances (let alone evidence) that actually suggest the existence of an implied-in-fact contract between BroadVision and MedPro. Moreover, these generalized statements are directly contrary to the actual facts and circumstances surrounding the negotiation of the MLA and the performance of GE and BroadVision under the MLA. An examination of the actual facts leads directly to the conclusion that there was no implied-in-fact contract between MedPro and BroadVision.

For example, GE negotiated the terms of the MLA, not MedPro. (Wiggins Decl. ¶ 6.) BroadVision and GE were the sole signatories to the MLA. (*Id.*) No one at MedPro had any knowledge regarding any of the terms of the MLA, including the total amount of licensed usage, the audit rights, or the payment terms. (*Id.* at ¶¶ 6, 9.)

### 1. There was No Mutual Assent to the Terms of the MLA

BroadVision admits that there was no mutual assent between MedPro and BroadVision. (BroadVision's Mem. Supp. Mot. to Amend & Suppl. Compl. 12.) Instead, it asks the Court to infer mutual assent "from the custom and practice of the commercial computer software licensing industry, the course of dealing between MedPro and BroadVision, and the specific conduct of MedPro." (*Id.*) For the reasons set forth below, no mutual assent can be inferred from either the industry custom or the course of dealing between MedPro and BroadVision, and BroadVision fails to allege any specific conduct by MedPro that shows the existence of an implied-in-fact contract.

First, BroadVision argues that the custom and practice of the commercial computer software licensing industry provides the requisite mutual assent between BroadVision and MedPro. In other words, BroadVision's position is that MedPro is somehow bound to the specific terms of the MLA because BroadVision asserts that unidentified agreements, between unidentified individuals, involving unidentified software, somehow provide evidence of relevant custom and practice in the commercial computer software licensing industry. However, this argument is undercut by the fact that all software license agreements are not the same. (Wiggins Decl. ¶ 11.) All software license agreements contain terms that are specially negotiated by the parties to the agreement. (*Id.*) For example, not all software license agreements contain a right to audit, and even if they do contain a right to audit, the penalty for overuse varies widely from agreement to agreement. (*Id.*) Against this background, industry custom and practice should not

<s>7</s>

be used to impute knowledge of the specific terms of the MLA to MedPro, and therefore should not provide the requisite mutual assent.

Second, BroadVision argues that the course of dealing between MedPro and BroadVision and the "specific conduct" of MedPro allows the Court to infer mutual assent. (BroadVision's Mem. 13.) There is no "course of dealing" between MedPro and BroadVision at issue here. BroadVision and GE negotiated the MLA. (Wiggins Decl. ¶¶ 6, 9.) MedPro had no knowledge regarding the specific terms of the MLA, including the total amount of licensed usage, the audit rights, or the payment terms. (*Id.*) BroadVision itself admits that it did not invoice MedPro for the use of the software, and MedPro did not pay BroadVision for the use of the software. (Proposed SASC ¶ 33.) Certainly, if an agreement existed between BroadVision and MedPro, BroadVision would have invoiced MedPro. Instead, it invoiced GE – the party with whom it had the contract. Therefore, there is no course of dealing between MedPro and BroadVision or any specific conduct by MedPro from which to infer mutual assent.

Additionally, the one factual assertion that BroadVision bothers to make is not only irrelevant, but untrue. BroadVision alleges that mutual assent can be inferred because it worked with "MedPro personnel." (BroadVision's Mem. 13.) However, of the five individuals that BroadVision identifies as "MedPro personnel," four were never employees of MedPro, and the remaining individual on the list is a former MedPro employee. (Wiggins Decl. ¶ 10.) False statements are not proper support for the relief that BroadVision seeks.

BroadVision also seems to suggest that the fact that MedPro reported its usage to GE somehow supports an inference of mutual assent. (BroadVision's Mem. 13.) However, to the contrary, the fact that BroadVision reported its usage to GE rather than to BroadVision offers further support for the view that MedPro was not bound to the terms of the MLA. Likewise, the

fact that MedPro later entered into its own agreement with BroadVision (the "MedPro MLA") is further evidence that MedPro was not bound by the MLA. If it was, there would have been no reason for MedPro to enter into the MedPro MLA in the first place. BroadVision is clearly grasping at straws to try to state a claim against MedPro where no claim exists.

        2.    <u>There was No Consideration Between BroadVision and MedPro</u>

BroadVision alleges that "consideration for the implied-in-fact license or implied-in-fact contract arose from BroadVision's provision of the Software to MedPro, through the Usage Rights acquired for the benefit of MedPro and Employers Re, MedPro's realization of value through usage of the Software by, among other things, its use and operation of an Internet website using the Software that was custom designed by BroadVision to MedPro's specifications, and working directly with MedPro's personnel." (BroadVision's Mem. 11.) This argument is meritless. BroadVision and GE entered into the MLA. BroadVision licensed software to GE. GE promised to pay BroadVision for the use of that software. The fact that GE chose to give the benefit of the use of the software to MedPro does not create a contract between BroadVision and MedPro. *See, e.g., New York Tel. Co. v. Teichner*, 329 N.Y.S.2d 689, 691 (Dist. Ct. 1972).

This implied-in-fact contract theory is nothing more than a trumped up cause of action created after the fact. This Court should not infer consideration from MedPro when it can clearly be found from GE and/or ERC. Doing so would equate to requiring "double consideration" for the MLA, and BroadVision would in essence be paid twice for the same usage.

### D. Undue Prejudice To MedPro Will Result if BroadVision is Granted Leave to Amend and Supplement Its Complaint

Giving BroadVision yet another chance to re-plead its now-dismissed allegations against MedPro would result in unnecessary and unfair additional costs to the defendants and would ultimately be an exercise in futility. The defendants have spent a great deal of time, effort and money dismissing the Plaintiff's ill-pleaded and baseless claims. Granting BroadVision's current motion makes that time, effort and expense for naught. In addition, granting the motion will result in yet more briefing, perhaps discovery and further court proceedings to end up just where we are now – BroadVision has no viable Claim 8 and neither its motion to amend nor its SASC shows otherwise. As such, MedPro respectfully requests that BroadVision's motion to amend be rejected.

### III. CONCLUSION

The MLA is an express contract between two parties – GE and BroadVision. GE and BroadVision negotiated the terms of the MLA, with no involvement by MedPro. Despite the fact that it has had multiple bites at the apple, BroadVision has provided no factual support for its contention that an implied-in-fact contract existed between MedPro and BroadVision. Therefore, its proposed amendments are futile and should be rejected by the Court. Accordingly, MedPro respectfully requests that the Court deny BroadVision's motion to amend its Complaint.

FOLEY & LARDNER L.L.P.


By: /s/ Robert S. Weisbein
90 Park Avenue
New York, NY  10016
Telephone:  212.682.7474
Facsimile:   212.687.2329
Email:rweisbein@foley.com


David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
BAKER & DANIELS LLP
111 East Wayne Street, Suite 800
Fort Wayne, IN  46802
Telephone  (260) 424-8000
Facsimile  (260) 460-1700
Email: david.irmscher@bakerd.com
      abigail.butler@bakerd.com

**COUNSEL FOR DEFENDANT,
THE MEDICAL PROTECTIVE COMPANY**