UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
BROADVISION, INC.,                                           :
                                                             :
                                                             :  Civil Action No.: 08 CV 1478 (WHP)
                                                             :
                    Plaintiff,                               :
                                                             :
          - against -                                        :
                                                             :
GENERAL ELECTRIC COMPANY and                                 :
THE MEDICAL PROTECTIVE COMPANY,                              :
                                                             :
                    Defendants.                              :
                                                             :
-------------------------------------------------------------x

**CORRECTED MEMORANDUM IN SUPPORT OF DEFENDANT THE MEDICAL
PROTECTIVE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

                        Robert S. Weisbein
                        **FOLEY & LARDNER L.L.P.**
                        90 Park Avenue
                        New York, New York 10016
                        Telephone: (212) 682-7474

                        J. Joseph Tanner
                        **BAKER & DANIELS LLP**
                        300 North Meridian Street, Suite 2700
                        Indianapolis, Indiana 46204
                        Telephone: (317) 237-0300

                        Abigail M. Butler
                        **BAKER & DANIELS LLP**
                        111 East Wayne Street, Suite 800
                        Fort Wayne, Indiana 46802
                        Telephone: (260) 424-8000


                        **COUNSEL FOR DEFENDANT,**
                        **THE MEDICAL PROTECTIVE COMPANY**

NYC_797498.1

## TABLE OF CONTENTS

I.     Introduction ............................................................................................................. 1

II.    Statement of Undisputed Facts ................................................................................ 1

    A.   The Parties .................................................................................................... 1

    B.   BV's License Under the GE MLA .................................................................. 2

    C.   BV's License Under the MedPro MLA ........................................................... 3

    D.   BV's Audit of MedPro .................................................................................... 3

III.   Procedural Background ............................................................................................ 3

IV.    Summary Judgment Standard .................................................................................. 4

V.     Argument ................................................................................................................. 5

    A.   BV's Claim For Copyright Infringement Under The GE MLA Fails As A Matter Of Law ........................................................................................................... 5

        *1.   BV Has No Claim For Copyright Infringement Because BV's Allegations Arise Solely From Breach Of Contractual Covenants* ............................................. 5

        *2.   BV Has No Claim For Vicarious Liability For Copyright Infringement Against MedPro* ...................................................................................................... 9

    B.   BV's Claim For Copyright Infringement Under the MedPro MLA Fails As A Matter of Law ............................................................................................... 12

VI.    Conclusion ............................................................................................................. 13

# **TABLES OF AUTHORITIES**

**Cases:**

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ............................................ 11

*Arista Records, Inc. v. Mp3Board, Inc.,* 2002 WL 1997918
  (S.D.N.Y. Aug. 29, 2002) ......................................................................................... 10, 11

*Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.,* 432 F.3d 428 (2nd Cir. 2005) ........................................ 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,
  167 L.Ed.2d 929 (2007) ................................................................................................... 11

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,*
  443 F.2d 1159 (2nd Cir. 1971) ......................................................................................... 10

*Goenaga v. March of Dimes Birth Defects Found.,*
  51 F.3d 14 (2nd Cir. 1995) ................................................................................................. 5

*Graham v. James*, 144 F.3d 229 (2nd Cir. 1998) ................................................................ passim

*Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749 (11th Cir. 1997) ............................................ 7, 9, 13

*Jaramillo v. Weyerhaeuser Co.,* 536 F.3d 140 (2nd Cir. 2008) ...................................................... 5

*Laine v. Pride*,  2010 WL 199927 (S.D.N.Y., 2010) ............................................................ 10, 11

*Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*,
  387 F. Supp. 2d 521 (M.D.N.C. 2005) ..................................................................... 7, 8, 9, 13

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,*
  475 U.S. 574, 106 S.Ct. 1348, 89 L. Ed. 2d 538 (1986) ..................................................... 5

*McPherson v. N.Y. City Dep't of Educ.,* 457 F.3d 211 (2nd Cir. 2006) ......................................... 5

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
  259 F. Supp. 2d 1029 (C.D. Cal. 2003) ........................................................................ 10, 11

*Monotype Imaging, Inc. v. Bitstream, Inc.*  2005 WL 936882 (N.D. Ill. 2005) .......................... 11

*Netbula, LLC v. Storage Tech. Corp.*, No. C06-07391 MJJ,
  2008 WL 228036 (N.D. Cal. Jan. 18, 2008) ..................................................................... 12

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.,*
  907 F. Supp. 1361 (N.D. Cal. 1995) ............................................................................ 10, 11

*Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304 (2nd Cir. 1963) .............................. 10

*Sony Corp. of Amer. v. Universal City Studios,*
  464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984) ................................................................ 10

*Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115 (9th Cir. 1999) ..................... 6, 7, 12, 13

*Sygma Photo News, Inc. v. High Soc'y Magazine, Inc.*,
  778 F.2d 89 (2nd Cir. 1985) ....................................................................................................... 10

*Warth v. Greif,* 121 A.D. 434; 106 N.Y.S. 163 (N.Y. App. Div. 1907) ......................................... 7

**Rules:**

Fed. R. Civ. P. 56(c) ........................................................................................................................ 4

NYC_797498.1

I.      **Introduction**

Plaintiff BroadVision, Inc. ("BV") has sued The Medical Protective Company ("MedPro") for, among other things, infringement of its copyright in the "One-To-One" family of software (the "Software"). The infringement allegedly occurred while the Software was expressly licensed for use under two separate contracts covering different time periods. BV's claims for both direct and vicarious copyright infringement fail as a matter of law because BV's allegations, at most, amount to nothing more than breaches of contractual covenants. As a result, BV can have no copyright infringement claims. Accordingly, MedPro respectfully requests that the Court grant summary judgment in favor of MedPro on BV's copyright infringement claims.

II.     **Statement of Undisputed Facts**

A.      The Parties

BV is engaged in the business of developing and licensing software products. (Second Am. Cmpl. ¶ 7.)[1] The Software includes a number of components designed for use by businesses that maintain web based applications. (*Id.* at ¶ 8.) General Electric Company ("GE") directly or indirectly owned a number of subsidiary or affiliated companies. (*Id.* at ¶¶ 9-10, 12.) Prior to November 16, 1999, GE acquired MedPro, and MedPro was an indirect subsidiary of GE until July 1, 2005. (*Id.* at ¶ 12.) MedPro is engaged in the business of providing professional liability insurance to persons in the medical field. (*Id.* at ¶ 11.) Although owned by GE, MedPro was operated as though it were a subsidiary of Employers Reinsurance Corporation ("ERC"), a separate subsidiary of GE. MedPro and ERC were actually affiliated companies and subsidiaries of GE. (See *Id.* at 12.)

---

[1] For purposes of its Motion for Partial Summary Judgment, MedPro accepts as true the factual allegations made in the Second Amended Complaint as cited herein. These facts are undisputed for purposes of this motion only. MedPro reserves the right to dispute any factual allegation for any purpose other than this motion.

-1-

On or about July 1, 2005, GE sold MedPro to Columbia Insurance, and after that date MedPro no longer was indirectly owned or affiliated with GE. (*Id.* at ¶ 36.)

B.    BV's License Under the GE MLA

BV and GE are parties to a Master License Agreement between them dated November 16, 1999 (the "GE MLA"). (*Id.* at ¶ 13.) The GE MLA granted to GE certain rights with respect to the Software. Relevant to this matter, the GE MLA provides:

- "Licensor [BV] grants and agrees to grant GE a non-exclusive perpetual, non-transferable (except as set forth in this Agreement), worldwide license(s) to use and/or reproduce Software on Computers and Networks under the terms of this Agreement." (*Id.* at § 3.1.)

- Usage of the Software may be made by various GE business units, subsidiaries and affiliates, including MedPro. (*Id.* at §1.0; see also Second Am. Cmpl. ¶¶15, 61.)

- "[BV] shall sell . . . and GE Businesses shall have the right to purchase from [BV] . . . licenses for Software identified in Schedule A . . .." (*Id.* at §12.0.)

- A number of options for purchasing licenses in varying amounts, including (i) unlimited licenses; (ii) a set number of licenses offered in a "starter kit"; and (iii) additional "a la carte" developer licenses on a person by person basis. (*Id*. at Schedule A.)

- The right to purchase additional profile licenses "in any number." (*Id.*)

- Payment is due forty-five (45) days from receipt of invoice. (*Id*. at § 13.0.)

The GE MLA also permitted BV to conduct certain audits and that payment would be due at a later date if the audit showed an underpayment:

> [BV] may audit GE's records to ensure that license and other fees have been properly paid in compliance with [the GE MLA] …. If an audit reveals that GE has underpaid its total fees by more than five percent (5%), then GE shall pay [BV]'s reasonable costs of conducting the audit, in addition to the underpaid amount.

(*Id*. at § 16.0.)

-2-

      C.      <u>BV's License Under the MedPro MLA</u>

On September 30, 2005, BV and MedPro entered into an agreement governing MedPro's use of the Software (the "MedPro MLA"). (Second Am. Cmpl. at ¶ 37.) Specifically, the MedPro MLA provides terms similar to the GE MLA as follows:

- "BroadVision hereby grants to [MedPro] a perpetual (unless terminated as set forth herein), nonexclusive, and nontransferable license, subject to the terms and conditions of this Agreement, to use the object code for the Software." (MedPro MLA § 1.A, Exhibit 3 to Second Am. Cmpl.)

- BV granted MedPro the right to use the Software in excess of the contracted amount. For example, the MedPro MLA states: "In the event [MedPro's] use of the Software exceed the number of licenses for which fees have been paid. [sic] [MedPro] shall promptly provide BroadVision with written notice and pay the required additional fees." (*Id*. at § 1.B.)

- "If the number of CPUs on which the Software is installed varies over time, the total CPU license fee owed to BroadVision is based on the largest number of CPUs installed at any time during the term of the license." (*Id.*, Attachment A, § 1.A.)

- "In the event the overlapped Software installation is not diligently removed, additional license fees will be owed to BroadVision". (*Id.*, Attachment A, § 1.A.)

- "If an audit reveals that [MedPro] has underpaid its total fees by more than five percent (5%), then [MedPro] shall pay BroadVision's reasonable costs of conducting the audit, in addition to the underpaid amount." (*Id*. at § 9.)

      D.      <u>BV's Audit of MedPro</u>

BV audited MedPro for its use of the Software. (Second Am. Cmpl. at ¶ 49, ¶ 54.) BV alleges that its audits show that MedPro has been using the Software in excess of the rights granted by BV. (*Id.* at ¶¶ 46, 54.)

### III.    <u>Procedural Background</u>

On February 13, 2008, BV brought this lawsuit against MedPro alleging: (1) breach of contract claims under both the GE MLA and the MedPro MLA, and (2) that MedPro infringed

-3-

BV's copyright in the Software during the term of the existing GE MLA and the MedPro MLA. BV also sued GE for breach of contract and copyright infringement. ERC was not sued.

On October 15, 2008, the Court dismissed all claims against GE, but granted BV leave to file an amended complaint. BV did so, and GE moved again to dismiss the Amended Complaint in its entirety. MedPro also moved to dismiss a portion of the Amended Complaint.

On May 5, 2009, the Court again dismissed all claims against GE and granted MedPro's motion to dismiss in part. Specifically, the Court dismissed BV's claim that MedPro had breached the GE MLA under an implied-in-fact contract theory, holding that no facts existed to support such a claim. Additionally, the Court held that any claim that might exist against MedPro for copyright infringement under the GE MLA was subject to a three-year statute of limitations.

On March 26, 2010, BV filed its Supplemental and Second Amended Complaint (the "Complaint") against MedPro asserting a new claim for vicarious liability for copyright infringement.

## IV.   Summary Judgment Standard

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.,* 432 F.3d 428, 433 (2nd Cir. 2005). "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim. In that event, the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for

-4-

trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.,* 536 F.3d 140, 145 (2nd Cir. 2008) (internal citations omitted). S*ee also Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2nd Cir. 1995) ("Once the moving party has made a properly supported showing sufficient to suggest the absence of any genuine issue as to a material fact, the nonmoving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his [or her] favor."). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L. Ed. 2d 538 (1986) (footnote omitted). *See also McPherson v. N.Y. City Dep't of Educ.,* 457 F.3d 211, 215 n. 4 (2nd Cir. 2006) ("[S]peculation alone is insufficient to defeat a motion for summary judgment.").

## V.     Argument

### A.     BV's Claim For Copyright Infringement Under The GE MLA Fails As A Matter Of Law

#### 1.     *BV Has No Claim For Copyright Infringement Because BV's Allegations Arise Solely From Breach Of Contractual Covenants*

Assuming for the purposes of this motion that MedPro "used" the Software prior to entering into the MedPro MLA on September 30, 2005 (which MedPro contends that it did not), such usage would have been pursuant to the GE MLA. It is undisputed that GE was a licensee of BV's Software pursuant to § 3.1 of the GE MLA, which states that "Licensor [BV] grants and agrees to grant GE a non-exclusive perpetual, non-transferable (except as set forth in this Agreement), worldwide license(s) to use and/or reproduce Software on Computers and Networks under the terms of this Agreement." It is equally undisputed that the term GE, as defined in the GE MLA, means "all General Electric components, subsidiaries, affiliates, and joint venture partners worldwide under the common control of GE." (GE MLA § 1.0, Exhibit 1 to Second

NYC_797498.1

Am. Cmpl.) Thus, any use of the Software on behalf of MedPro was pursuant to the GE MLA in MedPro's capacity as an indirect subsidiary of GE, and thus, was specifically authorized by the GE MLA.

The GE MLA further provides "[BV] shall sell . . . and GE Businesses shall have the right to purchase from [BV] . . . licenses for Software identified in Schedule A . . . ." (GE MLA § 12.0, Exhibit 1 to Second Am. Cmpl.) Schedule A to the GE MLA provides a number of options for purchasing licenses in varying amounts, including (i) unlimited licenses; (ii) a set number of licenses offered in a "starter kit"; and (iii) additional "a la carte" developer licenses on a person by person basis. (*Id*. at Schedule A.) The GE MLA also expressly granted the right to purchase additional profile licenses "in any number." (*Id.*) Moreover, the GE MLA provided for payment after use, with such payments due forty-five (45) days from receipt of invoice. (*Id*. at § 13.0.) The GE MLA also permitted BV to conduct audits and that payment would be due at a later date if the audit showed an underpayment:

> [BV] may audit GE's records to ensure that license and other fees have been properly paid in compliance with [the GE MLA] …. If an audit reveals that GE has underpaid its total fees by more than five percent (5%), then GE shall pay [BV]'s reasonable costs of conducting the audit, **in addition to the underpaid amount**.

(*Id*. at § 16.0.) (Emphasis added.) That is, the GE MLA specifically contemplated "underpaid amount[s]," and provided a remedy for those underpayments.

A fundamental tenet of copyright law is that "[a] copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement." *Graham v. James*, 144 F.3d 229, 236 (2nd Cir. 1998).[2] *See also Sun Microsystems, Inc. v. Microsoft Corp*., 188 F.3d 1115, 1121-1122 (9th Cir. 1999) (quoting

---

[2] The GE MLA is governed by New York law. (GE MLA § 19.0, Exhibit 1 to Second Am. Cmpl.)

-6-

*Graham,* 144 F.3d at 236); *Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 753 (11th Cir. 1997); *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 387 F. Supp. 2d 521, 533-34 (M.D.N.C. 2005).

In *Graham v. James*, the Second Circuit unequivocally held that a copyright holder cannot grant a license to use copyrighted material and then later sue for copyright infringement. The licensee in *Graham* failed to pay royalties owed to the licensor pursuant to a licensing agreement. The licensor attempted to characterize the licensee's use of the material as copyright infringement, arguing that that the failure to pay was a breach of a condition and voided the license. The court, however, disagreed, reasoning that the licensee's improper conduct constituted a breach of a covenant[3] undertaken by that licensee, and such breaches of covenants confer on the licensor a cause of action for breach of contract, not copyright infringement. *Graham*, 144 F.3d at 236-37, *quoting* 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 10.15[A], at 10-120.[4]

---

[3] A covenant is simply a contract term or promise. In copyright infringement actions involving licenses, if the licensee's conduct constitutes a breach of a covenant, and if such covenant constitutes an enforceable contractual obligation, the licensor will not have a cause of action for copyright infringement. If, on the other hand, the nature of the alleged violation consists of a failure to satisfy a condition to the license, then the use is without authority from the licensor and may constitute copyright infringement. Covenants, as opposed to conditions are favored and the terms of a contract are presumed to be covenants rather than conditions. *Warth v. Greif,* 121 A.D. 434, 436; 106 N.Y.S. 163, 165 (N.Y. App. Div. 1907) ("The law favors covenants, rather than conditions precedent"), aff'd 193 N.Y. 661, 87 N.E. 1129 (1908). In fact, multiple courts have held that payment terms are covenants where use precedes payment. *See Graham*, 144 F.3d at 237-238 ("contract obligations that are to be performed after partial performance by the other party are not treated as conditions"); *Madison River*, 387 F.Supp.2d at 534; *Jacob Maxwell*, 110 F.3d at 753-54.

[4] BV may attempt to argue that *Graham* is distinguishable because the licensee granted unlimited usage of the copyright material. However, the issue is whether the alleged breach is premised on a covenant, which it clearly is here. *See Madison River*, 387 F. Supp. 2d at 533. BV may also attempt to argue that this basic tenet should not apply to MedPro, because MedPro was only an intended beneficiary of BV's license with GE. Such an argument ignores the fact that the underlying rationale is that the use of the copyright material is authorized by a license, thereby depriving the licensor from suing for infringement. Here, there is no dispute that MedPro was an intended beneficiary of GE's license with BV.

Moreover, in *Madison River*, the licensor claimed (as BV does here) that a licensee exceeded the number of licenses granted to it and argued that such overuse constituted copyright infringement. The *Madison River* court reasoned that:

> [i]f the licensee's alleged conduct constitutes a breach of a covenant and the covenant is an enforceable contractual obligation, the licensor's sole remedy is for breach of contract. However, if the licensee's improper action constitutes a failure to satisfy a condition of the license, for which, obviously, no rights have been licensed, that use is unauthorized and may constitute copyright infringement. This is the result where a licensee exceeds the *scope* of a license agreement.

*Madison River*, 387 F. Supp. 2d at 533-34 (internal citations omitted). As is the case here, because (i) the wrongful act alleged was excessive use without payment; (ii) no part of the agreement was conditioned upon payment for excess use; and (iii) the agreement presupposed that excess use came before payment, the court held that licensee's failure to pay for its excess use was a breach of a covenant, and the licensor's remedy was for breach of a contract rather than copyright infringement. *Id*. The court held that "[b]ecause the payment term is a covenant of the Agreement, Defendant's remedy does not lie in copyright infringement, but in breach of contract.[5] Summary judgment will therefore be granted in favor of [alleged infringer] on this claim." *Madison River*, 387 F. Supp. 2d at 534.

The result should be no different here. BV has asserted a claim for copyright infringement, but has no claim for copyright infringement because the conduct that is the basis of its claim (excess use) is a breach of a contractual covenant.[6] The GE MLA contemplates excess usage and payment after such usage. *See e.g.* GE MLA §§ 12, 13 and Schedule A. Indeed, the usage about which BV complains is use expressly authorized by the GE MLA and thus is within

---

[5] Though BV could have asserted a breach of contract claim, it repeatedly failed to adequately plead any contract claim it might have against MedPro (and GE) under the GE MLA. The Court dismissed BV's claim that MedPro breached § 3.5 of the GE MLA because such claim was not properly pled and instead was qualitatively the same as a copyright infringement claim, which for the reason explained above cannot survive.

the scope of the agreement. *Id*. The only issue to be resolved is whether payment is due on the alleged excess usage. Sections 13 and 16 of the GE MLA cover payment terms. This is not a case involving the breach of a condition or use outside the contemplated scope of the agreement. In fact, multiple courts have held that payment terms are covenants where use precedes payment, as it did here. *See Graham*, 144 F.3d at 237-238 ("contract obligations that are to be performed after partial performance by the other party are not treated as conditions"); *Madison River*, 387 F.Supp.2d at 534; *Jacob Maxwell*, 110 F.3d at 753-54. Because the GE MLA contemplates excess use and such use and later payment thereof are covenants of the GE MLA, BV has no claim for copyright infringement. Thus, MedPro is entitled to summary judgment on BV's First Claim for Relief based on copyright infringement under the GE MLA.

### 2. BV Has No Claim For Vicarious Liability For Copyright Infringement Against MedPro

Over two years after it first filed this action, BV amended its complaint to allege that if MedPro did not directly infringe its copyright in the Software, then it should be vicariously liable for the acts of alleged infringement perpetrated by an unnamed third-party under the theory of vicarious liability for copyright infringement. For the reasons discussed above, BV has no claim for copyright infringement and thus cannot have a claim for vicarious copyright infringement. Moreover, BV failed to properly plead a claim for, and has no evidence of, vicarious liability for copyright infringement.

Any third-party using the Software did so pursuant to the GE MLA, which, as discussed above, grants permission for excess use and then contemplates payment at a later date. Such payment terms are covenants where permission and use precede payment. *See Madison River*, 387 F. Supp. 2d at 534; *Graham*, 144 F.3d at 238; *Jacob Maxwell*, 110 F.3d at 753-54. Accordingly, any claim that BV has against the unidentified third-party who allegedly infringed

-9-

its copyright in the Software lies in breach of contract, not copyright infringement. MedPro cannot be vicariously liable for a nonexistent cause of action.

Furthermore, BV failed to properly plead a claim for, and has no evidence of, vicarious liability for copyright infringement. Vicarious liability for copyright infringement is based on the doctrine of *respondeat superior*. *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2nd Cir. 1971). Vicarious liability for copyright infringement is only imposed when a defendant profits from the direct infringer's infringement while not exercising a right to stop or limit it. *Id*. Some degree of supervision or control over the direct infringer is required to impose vicarious liability. *See Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2nd Cir. 1963) (holding defendant vicariously liable since it had the power to carefully police the infringer's conduct); *Sygma Photo News, Inc. v. High Soc'y Magazine, Inc.*, 778 F.2d 89, 92 (2nd Cir. 1985) (finding corporation vicariously liable given its exercise of control over the shell corporation that engaged in the infringement).

"In order to establish liability for contributory or vicarious copyright infringement, a plaintiff must first prove that direct infringement of its works occurred by showing that . . . unauthorized infringement of its protected material occurred." *Arista Records, Inc. v. Mp3Board, Inc.*, 2002 WL 1997918, at *3 (S.D.N.Y. Aug. 29, 2002) (citing *Sony Corp. of Amer. v. Universal City Studios,* 464 U.S. 417, 434, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984)); *Laine v. Pride*, 2010 WL 199927, at *7 (S.D.N.Y., 2010) (stating same); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 259 F. Supp. 2d 1029, 1034 (C.D. Cal. 2003) (a plaintiff must demonstrate that the applicable third-parties were themselves engaged in direct copyright infringement). S*ee also Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.,* 907 F. Supp. 1361, 1371 (N.D. Cal. 1995) ("[T]here can be no contributory infringement by a defendant without direct

infringement by another."); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n. 2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party"); *Monotype Imaging, Inc. v. Bitstream, Inc.*, 2005 WL 936882 at *7 (N.D. Ill. 2005) (In order to support a claim of vicarious infringement, a plaintiff must demonstrate direct infringement by a primary infringer).

Here, BV does not even identify the direct infringer in its Complaint, much less allege that GE, ERC, or any other third-party infringed its copyright in the Software.  Nor does it make any allegations regarding (i) the acts by which GE, ERC, or any other third-party infringed BV's copyright, or (ii) at what time the third-party infringed BV's copyright.  Such allegations are necessary to support a claim for direct copyright infringement.  *Order Granting Mot. to Dismiss, Oct. 15, 2008 ("Slip. Op." at 4)*.  As already noted, BV must demonstrate that an applicable third-party was engaged in direct copyright infringement.  *Arista Records, Inc.,* 2002 WL 1997918 at *3; *Laine*, 2010 WL 199927 at *7.  *See also Metro-Goldwyn-Mayer*, 259 F. Supp. 2d at 1034; *Religious Tech.,* 907 F. Supp. at 1371; *A&M Records,* 239 F.3d at 1013 n. 2; *Monotype,* 2005 WL 936882 at *7.  Thus, BV's failure to properly identify the direct infringer, the acts of a direct infringer for which MedPro is allegedly liable or to properly allege with factual specificity that MedPro supervised or controlled GE, ERC, or any other third-party, is fatal to its claim for vicarious infringement liability.  This sort of fact-free pleading provides no notice of the factual underpinnings of the lawsuit, and BV has failed to state a claim upon which relief can be granted.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (plaintiff must "plead enough facts to state a claim to relief that is plausible on its face").  As such, the Complaint does not state a claim for vicarious liability for copyright infringement against MedPro.

MedPro is entitled to summary judgment on BV's Second Claim for Relief based on vicarious liability for copyright infringement under the GE MLA.

### B. BV's Claim For Copyright Infringement Under the MedPro MLA Fails As A Matter of Law

BV also has no claim for copyright infringement under the MedPro MLA. As detailed above, "a copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement." *Sun Microsystems,* 188 F.3d at 1121[7] (quoting *Graham,* 144 F.3d 229 at 236). *See also Netbula, LLC v. Storage Tech. Corp.*, No. C06-07391 MJJ, 2008 WL 228036 (N.D. Cal. Jan. 18, 2008) (finding that the plaintiff could not assert a copyright claim because there was no evidence defendant exceeded the scope of the license).

Under the MedPro MLA, BV granted MedPro "a perpetual . . . nonexclusive, and nontransferable license, subject to the terms and conditions of [the MedPro MLA], to use the object code for the Software . . . ." (MedPro MLA section 1.A, Exhibit 3 to Second Am. Cmpl.) In addition, BV granted MedPro the right to use the Software in excess of the contracted amount:

> In the event [MedPro's] use of the Software exceed the number of licenses for which fees have been paid. [sic] [MedPro] shall promptly provide BroadVision with written notice and pay the required additional fees.

(*Id*. at 1.B.)  Furthermore, the MedPro MLA stated that:

> If the number of CPUs on which the Software is installed varies over time, the total CPU license fee owed to BroadVision is based on the largest number of CPUs installed at any time during the term of the license …. In the event the overlapped Software installation is not diligently removed, additional license fees will be owed to BroadVision.

(*Id.*, Attachment A.)

---

[7] The MedPro MLA is governed by California law. (MedPro MLA section 12.C, Exhibit 3 to Second Am. Cmpl.)

-12-

Here, BV alleges that MedPro used the Software in excess of the MedPro MLA's provisions without payment. The MedPro MLA explicitly permits MedPro to use the Software in excess of the contracted amount: "In the event [MedPro's] use of the Software exceeds the number of licenses for which fees have been paid. [sic] [MedPro] shall promptly provide BroadVision with written notice and pay the required additional fees." MedPro's excess usage rights were not conditioned upon prepayment for the excess use. The MedPro MLA presupposes that excess use comes before payment, granting permission for the excess use and then requiring payment for it. Payment terms such as these are covenants. *See Jacob Maxwell,* 110 F.3d at 753-754 (holding payment of royalties was a covenant of a license agreement where permission for performance of a song preceded payment); *Madison River,* 387 F. Supp. 2d at 533-534 (failure to pay for excess use of copyrighted software was breach of covenant, not a condition); *Graham*, 144 F.3d at 238 (holding that the payment of royalties "are to be considered covenants, not conditions"). And, breach of a covenant does not give rise to a claim for copyright infringement. *Sun Microsystems*, 188 F.3d at 1122; *Graham*, 144 F.3d at 236.

Because BV granted MedPro a nonexclusive license to use the Software, it has no claim for copyright infringement against MedPro. Accordingly, the Court should award MedPro summary judgment on BV's Third Claim for Relief based on copyright infringement under the MedPro MLA.

## VI.    Conclusion

BV has stated no viable legal claim against MedPro in its First, Second, or Third Claim for Relief. For the foregoing reasons, MedPro respectfully requests that the Court grant its motion for Summary Judgment and enter judgment in its favor as to BV's First, Second, and Third Claims for Relief.

Dated: May 7, 2010.

        FOLEY & LARDNER L.L.P.

        By: /s/ Robert S. Weisbein
        90 Park Avenue
        New York, New York 10016
        Telephone: (212) 682-7474
        Facsimile: (212) 687-2329
        Email: rweisbein@foley.com

        J. Joseph Tanner
        BAKER & DANIELS LLP
        300 North Meridian Street, Suite 2700
        Indianapolis, Indiana 46204
        Telephone: (317) 237-0300
        Facsimile: (317) 237-1000
        Email: joe.tanner@bakerd.com

        Abigail M. Butler
        BAKER & DANIELS LLP
        111 East Wayne Street, Suite 800
        Fort Wayne, Indiana 46802
        Telephone: (260) 424-8000
        Facsimile (260) 460-1700
        Email: abigail.butler@bakerd.com

        **COUNSEL FOR DEFENDANT,**
        **THE MEDICAL PROTECTIVE COMPANY**